UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE CASTRO-LARA,

    Petitioner,

    v.                                      CIV. NO. 02-1351 WJ/ACT

GERALD JEFFERS, et al.,

    Respondents.

## MAGISTRATE JUDGES PROPOSED FINDINGS

## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, filed October 24, 2002. Petitioner is currently incarcerated and proceeding *pro se*. Petitioner asserts that he is entitled to derivative citizenship because his father is a United States citizen. The United States Magistrate Judge, having considered the arguments of the parties, record, relevant law, and being otherwise fully advised, finds that the Court does not have jurisdiction and this matter should be transferred to the Ninth Circuit Court of Appeals.

## PROPOSED FINDINGS

    1.    Petitioner is a native and citizen of Mexico who was admitted to the United States on or about January 19, 1971, as a lawful permanent resident. On July 28, 1998, Petitioner pled guilty and was convicted in the United States District Court of the District of Arizona for the offense of Importation of Cocaine, in violation of 21 U.S.C. §§952(a) and 960(b)(1)(B). He was sentenced to eighty (80) months, and a period of supervised release of three (3) years.

    2.    Based on Petitioner's conviction, the Immigration and Naturalization Service ("INS") instituted removal proceedings. On September 27, 1999, the INS issued a Notice to Appear charging

Petitioner with removability under §§212(a)(2)(A)(i)(II) and 212(a)(2)(C) of the Immigration and Nationality Act ("INA") as "an alien who had been convicted of...a violation...any law or regulation...of the United States...relating to a controlled substance."

3.	Petitioner appeared before the Immigration Judge for removal proceedings on December 2, 1999, January 6, 2000, February 3, 2000, April 20, 2000, June 1, 2000, August 3, 2000 and September 7, 2000. At these hearings Petitioner presented testimony from family members regarding his claim of derivative citizenship. On September 7, 2000 the Immigration Judge found Petitioner removable as charged under 8 C.F.R. 2408(c) and ordered him removed to Mexico. The Judge also found that Petitioner had failed to successfully establish his claims pursuant to 8 U.S.C. §1401.

4.	Petitioner appealed to the Board of Immigration Appeals ("BIA"). On July 20, 2001, the Board issued an order affirming the Immigration Judge's decision and dismissed the appeal. The BIA specifically found that:

> The record establishes that the respondent was convicted for the offense of importation of cocaine on October 29, 1998, after the repeal of section 212(c) relief by sections 304(b) and 309)(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub.L.No 104-208, 110 Stat. 3009-597, 3009-625(enacted Sept. 30, 1996)("IIRIRA"). We further note that the record establishes that the respondent also committed the offense leading to his conviction after the repeal of section 212(c) of the Act.

5.	On December 26, 2001, Petition filed his first Petition for Writ of Habeas Corpus. A Judgment was entered on April 19, 2003 against the Petitioner as to all claims raised in the Petition.

6.	Petitioner argues in this Petition only that he is a United States citizen and, therefore

not subject to deportation.  In general, a prospective deportee seeking judicial review of a removal decision must file a petition for review in the United States Court of Appeals for the circuit "in which the immigration judge completed the proceedings." 8 U.S.C. §1252(b)(2).  The Immigration Judge completed the proceedings in Arizona. Thus, this matter should have been filed in the United States Court of Appeals for the Ninth Circuit. *Jose Manuel Trejo-Haro v. Garland Jeffers*, CIV. 01-1171 MV/KBM (Order to Transfer to Ninth Circuit Court of Appeals filed November 30, 2001.)

7.      Amendments[1] to the immigration statutes have imposed limitations on the scope of court of appeals review pursuant to §1252.  Since the amendments, the Courts have recognized that courts of appeal retain jurisdiction to determine threshold "jurisdictional stripping" issues such as that implicated in this case-whether the petitioner is in fact an alien or a citizen. *Hughes v. Ashcroft,* 255 F.3d 752 (9th Cir. 2001); *e.g., Tapia-Garcia v. I.N.S.*, 237 F.3d 1216, 1219 (10th Cir. 2001). In *Tapia-Garcia*, the Tenth Circuit expressly held that it:

> "retains jurisdiction under the permanent provision to determine whether the jurisdiction bar applies.  We may therefore decide whether the petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in the statute." Id. at 1220.

Because the immigration judge's finding with regard to Petitioner's citizenship constitutes the sole

---

[1] "[O]n September 30, 1996, enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA),Pub.L.No. 104-208, 110 Stat. 3009, amended by the Act of October 11, 1996, Pub.L.No. 104-302, 11 Stat. 3656.  Through this legislation, Congress amended many provisions of the INA and significantly restricted judicial review of removal orders based on commission of certain crimes.  As the Supreme Court has observed, the limitations on judicial review, designed to 'protect[] the Executive's discretion from the courts...can fairly be said to be the theme of the legislation.'" Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 486 (1999); Tapia-Garcia v. I.N.S. 237., 237 F.3d 12216, 1218 (10th Cir. 2001).

question raised in this action, the U.S. Court of Appeals for the Ninth Circuit retains jurisdiction to address this threshold issue.

8. To promote the expeditious disposition of this matter before the proper court, I find that this matter should be: (1) characterized as a petition for review of a final order of removal under 8 U.S.C. §1252(b) with the United States Attorney General as respondent; and (2) transferred to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. §1631. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001)(after determining threshold issue, recharacterizing petition for review as habeas petition and transferring to district court); *Wireko v. Reno*, 211 F.3d 833 (4th Cir. 2000)(district court transferred §2241 petition to court of appeals where threshold issue appeared to be the same issue as argued in habeas).

## RECOMMENDED DISPOSITION

I recommend that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, filed October 24, 2002, be transferred to the Ninth Circuit Court of Appeals.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed finding and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

**ALAN C. TORGERSON**

**UNITED STATES MAGISTRATE JUDGE**